ROTHSCHILD, J.,
concurs with reasons.
hi agree with the members of the panel that the trial court’s judgment sustaining the exception of prematurity should be reversed as it pertains to plaintiffs’ claims that the moratorium was issued in bad faith. In Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 535 U.S. 302, 122 S.Ct. 1465, 152 L.Ed.2d 517 (2002), the United States Su *302 preme Court found that moratoria on development lasting one year or less during land use studies does not constitute a regulatory taking of property. However, the Tahoe decision did not address a situation in which there were allegations that the moratorium was issued in bad faith. I agree with the members of the panel that such claims of bad faith were not premature and should have been addressed by the trial court. Accordingly, on remand, the trial court should hear and consider plaintiffs’ claims that the moratorium was issued in bad faith and render an appropriate judgment.
I also agree that the remaining claims in plaintiffs’ lawsuit were premature when the trial court heard the exception of prematurity, because Jefferson Parish had not yet re-zoned the property. However, even though it is not in the record, the parties’ memoranda shows that in December 2007, which was after the trial court’s ruling on the exception of |.¿prematurity, Jefferson Parish did in fact re-zone the subject property. Accordingly, it appears that none of the issues that were ruled premature are premature any longer, and this appeal is essentially moot.